IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M.A. Bently, Tyson Buffington, Dave Chessmore, K.R. Christner, Terry Coon, Ted J. Daniels, Chris Elsten, J.R. Erickson, Rick L. Fletcher, John Gray, Todd J. Gutschenritter, Steven L. Hatton, Irving F. Hiatt, Kevin E. Hosselkus, R.D. Hund, Kevin Knepp, Danny R. Kramer, R.J. Krukemeyer, M.A. Miller, Kenneth Moore, W.B. Niles, Tony Ostrander, J.W. Phipps, Ray F. Ravenscroft, C.A. Reed, M.K. Saathoff, G.K. Schaneman, Jay R. Schneider, John Schneider, G.C. Scovill, D.R. Sieveke, Carlos Streit, L.J. Studley, Gary D. Thompson, R.J. Trujillo, A. J. Vigil, Heath Wadsworth, G.J. Waring, M.S. Wilson, J.D. Zogg,<br><br>           Plaintiffs,<br>    vs.<br><br>United Transportation Union and Union Pacific Railroad Company,<br><br>           Defendants. | 8:05CV71<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on a motion to dismiss filed by defendant Union Pacific Railroad Company ("Union Pacific"), Filing No. 16, and on a partial motion to dismiss filed by defendant United Transportation Union ("UTU"), Filing No. 14.  The court having considered the motions, the plaintiffs' responses, the defendants' replies, and the relevant materials and law, now determines that Union Pacific's motion to dismiss should be denied and that UTU's partial motion to dismiss should be granted.

## Background

This action arises under the Railway Labor Act ("RLA").  45 U.S.C. §§ 151 et seq.  All

plaintiffs are employed by Union Pacific and are members of UTU.[1]  See Filing No. 9, Amended Complaint at ¶ 2.  Plaintiffs are employed as trainmen and locomotive engineers and are residents of Nebraska.  Id.

Plaintiffs allege that on October 31, 1985, Union Pacific and UTU entered into a collective bargaining agreement ("the 1985 agreement").  Id. at ¶ 5.  According to the plaintiffs, Union Pacific and UTU have entered into an agreement and conspiracy to discriminate against them by promoting other employees of lesser experience and length of service.  Id. at ¶ 12.  Plaintiffs allege that they have been denied promotions, to which they are entitled, despite having more seniority than the employees promoted by Union Pacific.  Id.  According to the plaintiffs, the 1985 agreement has been violated, and UTU has failed to take proper action even after plaintiffs followed the proper grievance procedures.  Id. at ¶¶ 6-9 and 17-18.[2]  Plaintiffs allege that UTU has declined, in writing, to take any action on their behalf several times.  Id.  Specifically, plaintiffs allege that on November 15, 2004, they appealed the prior decisions of UTU not to take action and that UTU still failed and refused to process any grievance.  Id.

Plaintiffs have filed an Amended Complaint against defendants claiming: (1) discrimination under the RLA, and (2) breach of duty of fair representation.[3]  See Filing No.

---

[1] Union Pacific is a Delaware corporation doing business in the State of Nebraska, and UTU maintains offices in North Platte, Nebraska.  See Filing No. 9, Amended Complaint at ¶¶ 3-4.

[2] Plaintiffs, however, have not provided a copy of the agreement to the court.

[3] Initially, plaintiffs filed a complaint only against UTU claiming breach of duty of fair representation under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and asserting a state law claim of negligence.  See Filing No. 1.  UTU then filed a motion to dismiss, Filing No. 5, claiming that plaintiffs failed to present proper basis for jurisdiction

9. Defendant Union Pacific seeks to dismiss the plaintiffs' claims, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), on the grounds that this court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. See Filing No. 16. Defendant UTU seeks to dismiss only the plaintiffs' claim of discrimination under the RLA on the ground that the discrimination charge is the same as asserting a breach of duty and not a new or separate cause of action. See Filing No. 14. The plaintiffs oppose Union Pacific's motion arguing that the court has jurisdiction and that they have properly asserted a claim upon which relief can be granted. See Filing No. 19. Plaintiffs also oppose UTU's motion, arguing that their discrimination claim against UTU is not the same as asserting breach of fair duty of representation against it. See Filing No. 18. For the reasons stated below, the court determines that Union Pacific's motion to dismiss should be denied and that UTU's motion should be granted.

## Union Pacific's motion to dismiss

Union Pacific challenges the complaint on its face under both Rule 12(b)(1) and Rule 12(b)(6). Thus, for a successful challenge to the plaintiffs' complaint, Union Pacific must show that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. *See Osborn v. United States,* 918 F.2d 724, 729 n. 6 (8th Cir. 1990) (in a facial attack under 12(b)(1) the non-moving party receives the same protections as it would defending against a motion brought under 12(b)(6) (citation omitted)). With this standard in mind, the court now examines Union Pacific's challenges to the plaintiffs' complaint.

---

and that the state law claim was preempted. As a result, plaintiffs filed a motion to amend their complaint and the court granted their motion. See Filing Nos. 7 and 8. Because the court granted plaintiffs' motion to amend their complaint, UTU's motion to dismiss, Filing No. 5, is now denied as moot.

For the court to dismiss a complaint for lack of subject matter jurisdiction under 12(b)(1), the complaint must be successfully challenged on its face or on factual truthfulness of its averments. *Titus v. Sullivan,* 4 F.3d 590, 593 (8th Cir. 1993) (citations omitted). In a facial challenge, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.* In a factual challenge to jurisdiction, the court considers competent evidence such as affidavits, depositions, and the like in order to determine the factual disputes. *Id.*

Union Pacific contends that plaintiffs must first file their discrimination complaint before the National Railroad Adjustment Board ("the Board"), not in federal court. According to Union Pacific, the only exception to this rule is when a plaintiff is precluded from bringing a claim before the Board. Union Pacific contends that the plaintiffs do not allege any facts which would qualify them for that exception and, thus, their complaint should be dismissed. The court does not agree.

Generally, under the Railway Labor Act, disputes between an employee and the railroad concerning terms of the collective bargaining agreement are within the exclusive jurisdiction of the National Railroad Adjustment Board. *Raus v. Brotherhood Railway Carmen,* 663 F.2d 791, 794 (8th Cir. 1981); *Martin v. American Airlines, Inc.,* 390 F.3d 601, 608 (8th Cir. 2004). However, "where there are good faith allegations and facts supporting those allegations indicating collusion or otherwise tying the railroad and the union together in allegedly arbitrary, discriminatory or bad faith conduct amounting to a breach of the duty of fair representation, the district court has jurisdiction over the union on the fair representation claim and over the railroad on the contract violation claim." *Id.*

In their brief, the plaintiffs argue that they did allege facts showing collusion between UTU and Union Pacific. The court agrees. In their amended complaint, the plaintiffs state: "Defendants entered into an agreement and conspiracy to discriminate against Plaintiffs by promoting employees of lesser experience and length of service to higher classification, and deliberately and, in bad faith, misconstruing provisions of the 1985 National Agreement so as to deny the positions of Plaintiffs on the seniority list to which they were entitled, and failing to prosecute grievances on Plaintiffs' behalf." Filing No. 9, Complaint at ¶ 12. Considering the complaint in the light most favorable to the plaintiffs and keeping in mind that, to successfully challenge the plaintiffs' complaint, Union Pacific must show that the plaintiffs can prove no set of facts in support of their claims which would entitle them to relief, the court finds that plaintiffs' amended complaint properly alleges collusion between Union Pacific and UTU in discriminatory or bad faith conduct. Plaintiffs' allegations, if true, would entitle them to bring their claim in federal court against Union Pacific and to obtain relief. *Titus,* 4 F.3d at 593. Accordingly, the court finds that Union Pacific's motion to dismiss for lack of subject matter jurisdiction should be denied.

For the court to dismiss a complaint under Rule 12(b)(6), the court considers all of the facts alleged in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.,* 187 F.3d 862, 864 (8th Cir. 1999). A complaint is successfully challenged if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Relief is granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Id.*

Union Pacific also argues that the plaintiffs' amended complaint should be dismissed

5

because it is untimely. Union Pacific contends that the six-month statute of limitations, to which the plaintiffs' claims are subject, has run out. Specifically, Union Pacific argues that the agreement, which the plaintiffs claim has been breached, was enacted in 1985 and that they did not file their complaint until February of 2005. According to Union Pacific, the timeliness of the plaintiffs' complaint is an insuperable bar to relief, thus, its motion to dismiss should be granted. Again, the court disagrees with Union Pacific.

A claim against a union for breach of duty of fair representation occurs when the claimant knew or reasonably should have known the breach occurred. *Skyberg v. United Food & Commercial Workers Int'l Union,* 5 F.3d 297, 301 (8th Cir. 1993); *Wlyczko v. U.S. Air,* 733 F.2d 239 (2d Cir. 1984); *Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188 (3d Cir. 1984); *Barina v. Gulf Trading and Transportation Co.,* 726 F.2d 560, 563 n. 6 (9th Cir. 1984). Here, as the plaintiffs note, December 6, 2004 was the last time UTU notified the plaintiffs that no action would be taken in support of their claims. See Filing No. 9, Amended Complaint at ¶ 9. Arguably, it was at this time that plaintiffs would reasonably know that a breach occurred. This case, as Union Pacific indicates, was filed in February, 2005. Clearly the plaintiffs' claim, filed two months after they were turned down by UTU, was filed within the statute of limitations. As a result, Union Pacific's motion to dismiss, on the grounds that plaintiffs' claim is untimely, should be denied.

## UTU's partial motion to dismiss

UTU seeks to dismiss plaintiffs' claim of discrimination under the RLA against UTU arguing that the discrimination claim is the same as the plaintiffs' claim against UTU for breach of duty of fair representation. UTU alleges that discrimination is one of the elements to establish a breach of duty of fair representation and that plaintiffs use the same operative

facts for both claims. UTU contends that no separate discrimination cause of action exists. The court agrees with UTU.

The duty of fair representation is a judicially created remedy that monitors the relationship between a union and its members, and serves to protect members from any type of discriminatory practices by the union. *See Steele v. Louisville & Nashville R. Co.,* 323 U.S. 192, 202-03 (1944) (race); *N.L.R.B. v. Local No. 106 Glass Bottle Blowers Ass'n,* 520 F.2d 693, 697 (6th Cir.1975) (gender); *Thompson v. Brotherhood of Sleeping Car Porters,* 316 F.2d 191, 200 (4th Cir.1963) (hostility based on sporadic union membership); *Haerum v. Air Line Pilots Ass'n,* 892 F.2d 216, 221 (2d Cir. 1989) (seniority rights). In fact, in *Air Line Pilots Association International v. O'Neill,* the United States Supreme Court has indicated that the duty of fair representation applies to all union activity, including contract negotiation. See *Air Line Pilots Association International v. O'Neill,* 499 U.S. 65, 67 (1991) (*citing Vaca v. Sipes,* 386 U.S. 171 (1967)).

Here, the plaintiffs' claim of discrimination against UTU is the same as their claim of breach of duty of fair representation. Both seek to redress UTU's alleged failure to assert the plaintiffs' seniority rights. *See* Filing No. 9, Amended Complaint at ¶¶ 5-9, 11-4, and 16-20. The plaintiffs offer the same set of facts to support both claims and seek the same remedies. Id. Plaintiffs allege that the two claims are separate and distinct. But, they do not offer any authority that supports the allegation or that distinguishes the Supreme Court's decision in *O'Neill*, which provides that the doctrine of duty of fair representation applies to all the union's activity when acting in its representative capacity. *See O'Neill,* 499 U.S. 67, 76-77. The plaintiffs' claim of discrimination under the RLA against UTU is the same as asserting a claim for breach of UTU's duty of fair representation. Accordingly, the court will grant UTU's partial

motion to dismiss.

       IT IS, THEREFORE, ORDERED that:

       1.     Union Pacific's motion to dismiss, Filing No. 16, is denied;

       2.     UTU's partial motion to dismiss, Filing No. 14, is granted; and

       3.     UTU's motion to dismiss, Filing No. 5, is denied as moot.

       DATED this 23rd day of November, 2005.

                                      BY THE COURT:

                                      s/Joseph F. Bataillon
                                      JOSEPH F. BATAILLON
                                      United States District Judge